## Case No. 5,733.

GRAYDON et al. v. SWEET et al.

[1 Woods, 418.] [1]

Circuit Court, W. D. Texas.    Jan. Term, 1871.

LIMITATIONS—CIVIL WAR.

1. The act of congress approved June 11, 1864 [13 Stat. 123], which suspends the running of the statute of limitations during the Rebellion, is not itself a statute of limitation.

2. Article 12 of the constitution of Texas, which declares that "the statutes of limitation of civil suits were suspended by the so called act of secession of January 28, 1861, and shall be considered as suspended within this state until the acceptance of this constitution by the congress of the United States," does not conflict with the said act of congress.

3. The constitution was accepted on March 29, 1870. Therefore when an action was commenced on May 8, 1871, for goods sold in 1860, the plea that more than two years had elapsed after the cause of action had accrued and before suit brought, and that more than four years had elapsed after the close of the war and after the time the court was reopened to suitors, was *held* bad and stricken out.

Heard on exception to the plea of the statute of limitations.

M. H. Barnes and A. S. Walker, for plaintiffs.

A. M. Jackson, for defendants.

DUVAL, District Judge.    This suit is brought to recover the value of certain goods, wares and merchandise alleged to have been sold and delivered by the plaintiffs to defendants in the year 1860.    The petition was filed on the 8th of May, 1871.    On the 9th of June, 1871, the defendants answered, setting up the general denial, and pleading in bar that more than two years had elapsed after the cause of action had accrued, and before suit brought, and that more than four years had elapsed after the close of the war, and after the time when this court was reopened to suitors, etc.    There was a demurrer filed to the petition on the 9th of June, 1871, which was met and the objection cured by an amended petition filed June 13th, 1871. On the 21st of June, 1871, plaintiffs filed an exception to the plea of limitation, and now ask that the plea be stricken out, because by article 12 of the constitution of the state of Texas, it is declared that "the statutes of limitation of civil suits were suspended by the so called act of secession of the 28th of January, 1861, and shall be considered as suspended within this state, until the acceptance of this constitution by the United States congress."    This acceptance occurred on the 29th of March, 1870.    If this provision of the constitution of the state of Texas controls the question of limitation in this case, it is evident that this suit is not barred.    But it is contended by defendants' counsel that this constitutional provision is controlled by the act of congress of June 11, 1864 (13 Stat.

123), and that so far as the national courts are concerned, the question of limitation must be governed by the latter.    By this act it is declared that "whenever during the existence of the present Rebellion, any action, civil or criminal, shall accrue against any person who, by reason of resistance to the execution of the laws of the United States, or the interruption of the ordinary course of judicial proceedings, cannot be served with process for the commencement of such action, or the arrest of such person, or whenever after such action, civil or criminal, shall have accrued, but such person cannot, by reason of such resistance of the laws, or such interruption of judicial proceedings, be arrested or served with process for the commencement of the action, the time during which such person shall so be beyond the reach of legal process shall not be deemed or taken as any part of the time limited by law for the commencement of such action."    This act does not specify any time within which an action shall be brought.    In this respect it lacks an essential feature belonging to a statute of limitations.    At the time of its passage, the civil war was going on, and it simply declared that during the existence of the Rebellion, the time during which the ordinary course of judicial proceedings was interrupted should not be deemed or taken as any part of the time limited by law for the commencement of an action.    It did not provide that when such interruption ceased, or process could be served, the limitation provided by law should begin to run.    Had it done so, I presume there could be little doubt that the present action should be held to be barred.    But the act does not so provide, and it is only by inference or implication that such a construction can be given to it.    Inasmuch as no bar is expressly created by this statute, and I am unwilling to give it a construction at variance with the rule established by the constitution of the state, I must hold that, in this case at least, the state constitutional limitation should govern. My opinion is that the exception or demurrer of plaintiffs to the plea of limitation in this case should be sustained, and said plea stricken out.    And it is so ordered.